WILHELMINA C. SAYRE AND ESSEX COUNTY TRUST COM-
PANY, A CORPORATION AS ADMINISTRATOR CUM
TESTAMENTO ANNEXO OF THE ESTATE OF ANNA D.
WARD, PLAINTIFFS, v. JOSEPH A. DUFFY, DEFEND-
ANT.

ESSEX COUNTY TRUST COMPANY, AS ADMINISTRATOR
CUM TESTAMENTO ANNEXO OF THE ESTATE OF ANNA
D. WARD, PLAINTIFF, v. JOSEPH A. DUFFY, DEFEND-
ANT.

Decided May 29, 1935.

For the plaintiffs, *Burnett & Trelease.*

For the defendant, *L. Edward Herrmann.*

J. L. SMITH, S. C. C.   This comes on a motion to strike the answers filed in the two above entitled actions, on two bonds made by the defendant and secured by first and second mortgages on the same parcel of property.   The action wherein Wilhelmina C. Sayre appears as plaintiff is for deficiency upon the bond secured by the first mortgage, which was foreclosed, and in the usual course, the mortgaged lands were bought by the representatives of the first mortgagee at sheriff's sale, for $100.   The other action is on the bond which was secured by the second mortgage.

An answer has been filed to each action, disputing the amount of deficiency demanded by the plaintiffs on the ground that the reasonable value of the premises mortgaged and sold is in excess of the final decree obtained in Chancery.

The defense in both actions is based on chapter 88 of the laws of 1935, approved March 22d, 1935. The actions before the court were both commenced on March 14th, 1935.

The plaintiffs contend:

(a) The statute in question is not applicable to either of these two actions, since these actions were commenced prior to the enactment of the statute relied upon.

(b) The statute in question does not apply to the bond secured by the second mortgage, which is the basis of the action wherein Essex County Trust Company, as administrator, is the plaintiff.

(c) The statute is unconstitutional in so far as it concerns obligations entered into prior to its enactment.

In the opinion of the court, the plaintiffs' third contention that the statute in question, in so far as it relates to obligations already entered into, is unconstitutional, is correct. It is deemed unnecessary, therefore, to discuss the correctness of the other two grounds.

The part of the statute which forms the basis of the defense pleaded, provides as follows:

"That the obligor or obligors in said bond may file an answer in the suit on said bond disputing the amount of such deficiency, in which event both parties may introduce in evidence at the trial, testimony of the fair market value of the mortgaged premises at the time of the sale under said foreclosure proceedings, and the court, sitting with or without a jury, shall determine the amount of said deficiency by deducting from said debt the amount assessed as the fair market value of said premises * * *."

The portion just quoted is identical with the provisions of chapter 82 of the laws of 1933 (*N. J. Stat. Annual* 1933, § 134-48), which was declared by our Court of Errors and Appeals, in the case of *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596; 169 *Atl. Rep.* 177, to be in violation of the constitution of the United States, as well as of New Jersey, in so far as it related to pre-existing contracts.

The vice in the 1933 enactment as brought out in the Vanderbilt *v.* Brunton Piano Co. case, *supra,* has not been

in any way remedied, and is still existent in the present statute.

As pointed out in the Vanderbilt *v*. Brunton Piano Co. case, *supra:*

"The statute applies, without distinction, whether the sale be to the mortgagee or to a third party, and the statute is incapable of dissection so that it may be held to apply in the one instance and not in the other."

Identical with the facts outlined in the Vanderbilt case, in the present cases, the mortgagee instituted an action on the bonds, and only after that came the statute in question, which is made the basis of the defense interposed.

In the Vanderbilt case, *supra,* the court criticised the 1933 act on the further ground that it was not an exercise of police power. The legislature, in the present enactment, apparently with the intent to meet the criticism made in the Vanderbilt case, *supra,* states that a serious public emergency exists and determines the necessity for legislative intervention by the enactment of the provisions prescribed, and their application until July 1st, 1938.

The effect of the present statute, however, is not to postpone or delay the remedy until July 1st, 1938, but to abrogate completely the right of the mortgagee to a deficiency suit up to that time. In other words, while the life of the statute is limited, its effect during its existence and when applied, is permanent and complete, and not merely dilatory, so that the criticism made in the Vanderbilt case, *supra,* still applies in that its "purview is absolute, final and permanent. It extends to all classes of property, homes, business properties, speculative ventures, everything."

While a financial or economic emergency may justify a temporary relief from enforcement of a contract by delaying its enforcement, it does not justify the permanent destruction or cancellation of contractual obligations. In the words of Mr. Justice Case, in the Vanderbilt case, *supra:*

"The statute does not grant a stay or a delay, and therefore does not deal with the question of a moratorium."

In the case of *Home Building and Loan Association* v. *Blaisdell,* 290 *U. S.* 398; 54 *Sup. Ct. Rep.* 231, the United

States Supreme Court, in an opinion delivered by Chief Justice Hughes, upheld the Minnesota Mortgage Moratorium law. It did so, however, holding that the measure in question was one temporarily restraining the enforcement of the contractual obligation. Whereas, in the statute now before the court, the legislature makes it mandatory for the mortgagee to bring his action for the deficiency within three months from the date of the sale of the mortgaged premises, and in the same paragraph, provides for the so-called defense of fair market value of the premises; so that, the effect of the statute is rather to destroy and abrogate the mortgagee's right, than to postpone or delay its enforcement.

As stated by the United States Supreme Court, in its recent decision, in the case of *Louisville Joint Stock Land Bank* v. *William W. Radford, Sr.*, 55 *S. Cl.* 854.

"For the fifth amendment commands that, however great the nation's need, private property shall not be thus taken even for a wholly public use without just compensation. If the public interest requires and permits the taking of property of individual mortgagees in order to relieve the necessities of individual mortgagors, resort must be had to proceedings by eminent domain; so that, through taxation, the burden of the relief afforded in the public interest may be borne by the public."

The United States Supreme Court, in the case of *Home Building and Loan Association* v. *Blaisdell, supra,* did not go beyond upholding a moratorium law which prevented the "immediate and literal enforcement of contractual obligations by temporary and conditional restraints."

As has been observed above, the act now before the court, while temporary and limited in duration, places a restraint on the enforcement of obligations which restraint is neither temporary nor conditional. When applied, it is permanent and conclusive.

For the reasons above given, I am constrained to grant the motion to strike out the answers herein filed.