FIDELITY UNION TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. GERTRUDE THURSBY BRYANT, INDIVIDUALLY, ETC., ET AL., DEFENDANTS.

Decided March 24, 1936.

For the plaintiff, *Hood, Lafferty & Campbell.*

For the defendants, *Randal B. Lewis.*

BODINE, J. (At chambers.) The plaintiff sued for a deficiency after foreclosure. Paragraph 6 of the answer is to the effect that the defendants admit that according to the decree of the Court of Chancery there appears to be due the sum set forth in the decree, but they deny that that amount is due plaintiff as the premises described in the bill of complaint, together with the buildings and appurtenances, were actually worth and had a fair market value at the time of the sale of at least $20,000, and that in any event the fair market value was far in excess of the sum of $100, and in excess of the deficiency. The first and second defenses raise the same question.

The plaintiff's motion is to strike out the paragraphs of the amended answer which allege that the defendants had no knowledge or information as to the allegation of the complaint on the ground that the same are sham, and also to

strike out paragraph 6 of the amended answer and the first and second defense on the ground that they are frivolous.

The real question at issue is the constitutionality of chapter 88. *Pamph. L.* 1935, *p.* 260; *N. J. Stat. Annual* 1935, § 134-49(1). At the time the plaintiff received its bond and mortgage, the statute then in force was to the effect that where a bond and mortgage were given for the same debt, proceedings to collect the same were first to foreclose the mortgage and if at the sale of the mortgaged premises the sale price should fail to satisfy the decree, interest and costs, then it should be lawful to proceed on the bond for the deficiency, provided that suit on the bond should be commenced within six months from the date of sale.

The 1935 enactment contains a recital to the effect that there was a serious public emergency and it was, therefore, necessary for the legislature to intervene so as to suspend the law until July 1st, 1938. The statute then provides that where a bond and mortgage is given the first step shall be to foreclose the mortgage, and if at the sale of the mortgaged premises the sale price should be insufficient to satisfy the decree, together with interest and costs, then it should be then lawful to proceed on the bond for the deficiency, and that all suits should be commenced within three months from the confirmation of the sale; that no action should be instituted against any party answerable upon the bond unless such party was joined in the proceeding to foreclose the mortgage, and provides further that any obligor on the bond may file an answer in the suit on the bond disputing the amount of the deficiency, and that both parties may introduce in evidence testimony of the fair market value of the mortgaged premises at the time of the sale, and the court, sitting with or without a jury, should determine the amount of deficiency by deducting from the amount due on the bond the amount found to be the fair market value of the property. There is a provision also that the fair market value may be fixed by appraisers.

Section 7, paragraph 3 (1 *Comp. Stat., p.* lxix), of the constitution of this state, provides that the legislature shall not pass any law impairing the obligations of contracts, or

depriving any party of any remedy for enforcing a contract which existed when the contract was made. It is to be noted that the 1935 statute requires all suits on bonds to be commenced within three months from the date of the confirmation of the sale instead of six months from the date of sale, and it requires as a condition to instituting such suit that the party answerable on the bond shall be joined in the prior foreclosure proceedings, and further authorizes the obligor to file an answer disputing the amount of the deficiency and fixes a method for determining the fair market value of the property.

In *Sayre* v. *Duffy*, 13 *N. J. Mis. R.* 458; 179 *Atl. Rep.* 459, the 1935 statute was declared unconstitutional. In that case, however, the action was commenced prior to the time when the 1935 statute took effect. Although the statute in question purports to postpone the right to sue for the deficiency during a period of years, or during an emergency, it does not in effect do so because it requires the action to be brought within three months after the confirmation of the sale and then provides not for the recovery of the amount of the deficiency after sale, but for the recovery of the amount of the deficiency as found in the law action. The statute does not afford a period of temporary relief from the enforcement of contractual obligations, but it changes and alters the nature of the relief which existed as a means of enforcing contractual obligations. The obligee is deprived of his right to liquidate the same, and is forced to accept a right of action to determine the amount which he may recover. He does not have the six months after sale, which he formerly had, to enforce a right to recover a liquidated amount, but his right to bring an action to prove his loss is limited to the period of three months from the date of the confirmation of the fore closure sale and exists only against those persons who were made parties to the foreclosure proceedings.

Because the legislature declares an emergency gives them no power to deprive for all time a party of an existing remedy for enforcing a contractual obligation. This was made perfectly clear in *Vanderbilt* v. *Brunton Piano Co.*, 111 *N. J. L.* 596; 169 *Atl. Rep.* 177.

The motion of the plaintiff to strike out that part of the answer which alleges lack of knowledge, which the undisputed proofs show the defendants had, must be granted.

Paragraph 6 of the amended answer and also the first and second defenses are obviously frivolous, and will be stricken.